IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARTURO VERDUZCO and DELILA VERDUZCO, | ) ) ) | |
| Plaintiff, | ) ) | 2:09-cv-02371-GEB-KJM |
| v. | ) ) | RULE 4(M) NOTICE |
| INDYMAC BANK HOME LOAN SERVICING; INDYMAC FEDERAL BANK, FSB; INDYMAC MORTGAGE SERVICES, a division of ONE WEST BANK FSB; BAC HOME LOAN SERVICING LP, a subsidiary of BANK OF AMERICA, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; SIERRA PACIFIC MORTGAGE; NDEX WEST, LLC; U.S. BANK NATIONAL ASSOCIATION; WBJ, INC.; WILLMA E. SPARANO; DANIEL RUPP, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiffs have not served several defendants named in their First Amended Complaint ("FAC") filed on November 10, 2009. In the Joint Status Report ("JSR") filed on December 31, 2009, Plaintiffs stated that Defendant Willma E. Sparano ("Sparano") had not yet been served. The Court issued a Rule 4(m) notice on January 14, 2010, requiring Plaintiffs to "provide proof of service and/or show good cause for the failure to serve this Defendant" by January 22, 2010. However, since Sparano was first named in the FAC, the Rule 4(m) prescribed 120-day period to serve Sparano expired March 10, 2010, and therefore the January 14, 2010 Rule 4(m) notice was premature. However, the 120-day period to serve defendants first named in the FAC

1  has elapsed, and it does not appear that Plaintiffs have served

2  Sparano; nor does the docket indicate that Plaintiffs have served

3  several other defendants named in the FAC.

4         Plaintiffs are hereby **notified under Federal Rule of Civil**

5  **Procedure ("Rule") 4(m) that Defendants Willma E. Sparano; IndyMac**

6  **Federal Bank, FSB; BAC Home Loan Servicing, LP, a Subsidiary of Bank**

7  **of America, N.A.; and U.S. Bank National Association could be**

8  **dismissed as Defendants in this action unless Plaintiffs provide proof**

9  **of service and/or "show[] good cause for the failure" to serve these**

10 **defendants within Rule 4(m)'s 120 day prescribed period, in a filing**

11 **due no later than 4:00 p.m. on May 22, 2010.**

12        Further, Plaintiffs filed a "Summons Returned Executed" for

13 Defendant NDEX West, LLC on October 7, 2009.  (Docket No. 15.)

14 However, this docket entry provides that CT Corporation, which is not

15 a party to this action, was served with that summons, and not NDEX

16 West LLC.  See Fed. R. Civ. P. 4(a)(1) ("A summons must . . . be

17 directed to the defendant[.]").  Further, Plaintiffs have not provided

18 proof of service of the FAC on NDEX West, LLC.  Therefore, Plaintiffs

19 are also **notified that Defendant NDEX West, LLC could be dismissed as**

20 **a defendant in this action unless Plaintiffs provide proof of service**

21 **and/or "show[] good cause for the failure" to serve this defendant**

22 **within Rule 4(m)'s 120 day prescribed period, in a filing due no later**

23 **than 4:00 p.m. on May 22, 2010.**

24        Lastly, Plaintiffs name both **IndyMac Bank Home Loan**

25 **Servicing** and **IndyMac Mortgage Services, a Division of OneWest Bank,**

26 **FSB** in their FAC.  Plaintiffs served only Indymac Bank Home Loan

27 Servicing.  However, Indymac Mortgage Services, a Division of OneWest

28 Bank, FSB has filed motions to dismiss both Plaintiffs' original

2

complaint and Plaintiffs' FAC, in which it states it was "erroneously
sued [] as IndyMac Bank Home Loan Servicing."  Plaintiffs did not
correct their FAC to reflect this error; nor did Plaintiffs address
the error in their Opposition to Indymac Mortgage Services, a Division
of OneWest Bank, FSB's motion.  Therefore, IndyMac Bank Home Loan
Servicing could be dismissed as an erroneously sued party unless
Plaintiffs explain in a filing on or before 4:00 p.m. on May 22, 2010,
why this named defendant should not be dismissed.

Dated:  May 12, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge