IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARTURO VERDUZCO and DELILA VERDUZCO, | ) ) ) | |
| Plaintiffs, | ) ) | 2:09-cv-02371-GEB-KJN |
| v. | ) ) | ORDER GRANTING DEFENDANTS' |
| INDYMAC MORTGAGE SERVICES, a division of ONE WEST BANK FSB; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; SIERRA PACIFIC MORTGAGE; WBJ, INC.; DANIEL RUPP, | ) ) ) ) ) ) | MOTIONS TO DISMISS PLAINTIFFS' FEDERAL CLAIMS AND DECLINING TO EXERCISE SUPPLEMENTAL OVER PLAINTIFFS' REMAINING STATE CLAIMS* |
| Defendants. | ) ) | |

Defendants IndyMac Mortgage Services, a division of One West Bank FSB ("IndyMac") and Mortgage Electronic Registration Systems, Inc. ("MERS") filed a motion to dismiss Plaintiffs' first amended complaint under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.  Defendant Sierra Pacific Mortgage ("Sierra") also filed a motion to dismiss under Rule 12(b)(6).  Plaintiffs oppose each motion.[1]  For the reasons stated

---

    *   This matter is deemed suitable for decision without oral argument.  E.D. Cal. R. 230(g).

    [1]   Plaintiffs filed their opposition briefs late, thus indicating Plaintiffs are willing to risk being sanctioned for failure to comply
(continued...)

below, Plaintiffs' federal claims are dismissed with prejudice and Plaintiffs' state claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

## I.   LEGAL STANDARD

A Rule 12(b)(6) motion "challenges a complaint's compliance with . . . pleading requirements." Champlaie v. BAC Home Loans Servicing, LP, No. S-09-1316 LKK/DAD, 2009 WL 3429622, at *1 (E.D. Cal. Oct. 22, 2009). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the [plaintiff's] claim is and the grounds upon which relief rests . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Further, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Plausibility, however, requires more than "a sheer possibility that a defendant has acted unlawfully." Id. "When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility

---

[1](...continued)
with the filing deadline in the applicable local rule.

and plausibility of entitlement to relief." <u>Id.</u> (quotations and citation omitted).

In evaluating a dismissal motion under Rule 12(b)(6), the court "accept[s] as true all facts alleged in the complaint, and draw[s] all reasonable inferences in favor of the plaintiff." <u>Al-Kidd v. Ashcroft</u>, 580 F.3d 949, 956 (9th Cir. 2009).  However, neither conclusory statements nor legal conclusions are entitled to a presumption of truth.  <u>See Iqbal</u>, 129 S. Ct. at 1949-50.

## II.  BACKGROUND

### A.  Plaintiffs' Allegations

Plaintiffs allege that in July 2005, Defendant Daniel Rupp represented that he was a loan officer for Defendant WBJ, Inc. and solicited Plaintiffs to refinance the loan on their residence, located at 425 South Sixth Street in Oakdale, Sacramento County, California. (First Amended Compl. ("FAC") ¶¶ 7, 39.)  Plaintiffs allege that Rupp told them "he could get the 'best deal' and the 'best interest rates' available on the market."  (<u>Id.</u> ¶ 41.)  Plaintiffs also allege that Rupp overstated their income on their loan applications without their knowledge or permission.  (<u>Id.</u> ¶ 42.)

Plaintiffs allege that on October 7, 2005 they obtained a $256,000 loan.  (<u>Id.</u> ¶ 43, 50.)  Plaintiffs also obtained a $32,000 home equity line of credit.  (<u>Id.</u>)  Plaintiffs allege: "The terms of the loans were memorialized in two Promissory Notes, which was secured by two Deeds of Trust on the Property.  The Deeds of Trust identified Greenhead Investments, Inc. as Trustee, and Defendant Sierra as Lender." (<u>Id.</u> ¶ 50.)

Plaintiffs allege they "were not given a copy of any of the loan documents prior to [the] closing as required" and "were only

given a few minutes to sign the documents." (<u>Id.</u> ¶ 48.)  Plaintiffs
also allege they "did not receive the required copies of a proper
notice of cancellation." (<u>Id.</u>)  Plaintiffs further allege that
"[w]hen the loan was consummated, [they] did not receive the required
documents and disclosures, including, but not limited to the TILA
disclosure, and the required number of copies of the Notice of Right
to Cancel stating the date that the rescission period expires." (<u>Id.</u>
¶ 65.)

### B.  Procedural Background

Plaintiffs filed their initial complaint in this federal
court on August 25, 2009, alleging eleven claims under federal and
California law against eight named defendants.  Defendants IndyMac and
MERS; Sierra; and WBJ, Inc. and Daniel Rupp each filed dismissal
motions on October 1, 10, and 23, 2009, respectively.  These dismissal
motions, however, were mooted when Plaintiffs filed their now
operative, first amended complaint on November 10, 2009.  Plaintiffs'
first amended complaint is the subject of each Defendants' now pending
dismissal motion.  Plaintiffs' only remaining federal claims are: (1)
a Truth in Lending Act claim alleged against Sierra; and (2) a Real
Estate Settlement Procedures Act claim alleged against Sierra and
IndyMac.

### III.  DISCUSSION

### A.  Defendants' Dismissal Motion

**1.  Federal Claims**

**a.  Truth in Lending Act**

Sierra argues Plaintiffs' Truth in Lending Act ("TILA")
claims for damages and rescission should be dismissed since they are
time-barred by the applicable statute of limitations.  (Sierra Mot. to

4

Dismiss 5:1-7:13.)  Plaintiffs respond that their claims are timely

filed because the doctrine of equitable tolling suspends the

prescribed statute of limitations periods.  (Plts.' Opp'n to Sierra

Mot. 9:7-10:14.)

### i.   TILA Damages Claim

Plaintiffs allege Sierra "violated TILA by":

> failing to provide required disclosures prior to
> consummation of the transaction as required by 15
> U.S.C. § 1638, fail[ing] to make required
> disclosures clearly and conspicuously in writing as
> required by 15 U.S.C. § 1632(a), 12 C.F.R §
> 226.5(a)(1), fail[ing] to timely deliver to
> Plaintiffs TILA notices as required by 15 U.S.C. §
> 1638(b), and fail[ing] to disclose all finance
> charge details, the annual percentage rate based
> upon properly calculated and disclosed finance
> charges and amounts financed as defined by 15
> U.S.C. § 1602(u).

(FAC ¶ 84.)  Plaintiffs further allege that "[t]he facts surrounding

[their] loan transactions were purposefully hidden to prevent

Plaintiffs from discovering the true nature of the transactions" and

"[the] [f]acts surrounding these transactions continue to be hidden

from the Plaintiffs to this day."  (FAC ¶ 49.)

TILA "requires creditors . . . provide borrowers with clear

and accurate disclosures of terms [of their loan including] . . .

finance charges, annual percentage rates of interest, and the

borrower's rights."  Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412

(1998) (citing 15 U.S.C. §§ 1631, 1632, 1635, 1638)).  Failure to

satisfy TILA's disclosure requirements subjects a lender to "statutory

and actual damages traceable to a lender's failure to make the

requisite disclosures . . . ."  Id. (citing 15 U.S.C. § 1640(e)).

TILA, however, imposes a one-year statute of limitations within which

a claim for damages "may be brought."  15 U.S.C. § 1640(e).  "[A]s a

general rule[,] [this] limitations period starts [to run] at the consummation of the transaction." King v. California, 784 F.2d 910, 915 (9th Cir. 1986).  "Consummation" is defined under the statute as "the time that a consumer becomes contractually obligated on a credit transaction." Grimes v. New Century Mortgage Corp., 340 F.3d 1007, 1009 (9th Cir. 2003) (quoting 12 C.F.R. § 226.2(a)(13)).

Plaintiffs allege they became "contractually obligated on a credit transaction" on October 7, 2005, when they entered their loans. (FAC ¶ 50.)  The statute of limitations for bringing their TILA damages claim, therefore, expired on October 7, 2006.  Plaintiffs, however, did not file their original complaint in this case until August 25, 2009.  Nonetheless, Plaintiffs argue the statute of limitations should be equitably tolled because "Sierra failed to provide the requisite disclosures to the Plaintiffs at the inception of the loan." (Plts.' Opp'n to Sierra Mot. 10:6-7.)  Plaintiffs further argue they "were not given a copy of any of the loan documents prior to closing" nor were they "allowed to review the documents [or] explained the terms of the loan." (Id. 9:23-25.)

The doctrine of equitable tolling may "suspend the limitations period" "in certain circumstances," such as when the borrower did not have reasonable opportunity to discover the alleged fraud or nondisclosures that form the basis of the their TILA claim. King v. California, 784 F.3d 910, 915 (9th Cir. 1986).  "Equitable tolling focuses on whether there was excusable delay by the plaintiff and may be applied if, *despite all due diligence*, a plaintiff is unable to obtain vital information bearing on the existence of his claim." Huseman v. Icicle Seafoods, Inc., 471 F.3d 1116, 1120 (9th Cir. 2006) (quotations and citations omitted) (emphasis in original).

"Because the applicability of [equitable tolling] often depends upon matters outside the pleadings, it is not generally amendable to resolution on a Rule 12(b)(6) motion." Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995) (quotations and citation omitted). However, when a plaintiff fails to allege any facts demonstrating that the alleged TILA violations could not have been discovered by due diligence during the one-year statutory period, equitable tolling should not be applied and dismissal at the pleading stage is appropriate. See Meyer v. Ameriquest Mortgage Co., 342 F.3d 899, 902 (9th Cir. 2003) (dismissing TILA claim, despite request for equitable tolling, because plaintiff was in possession of all loan documents and did not allege any concealment or other conduct that would have prevented discovery of the alleged TILA violations during the one year limitations period).

Plaintiffs' allegations are wholly insufficient to justify equitably tolling the statute of limitations period applicable to their TILA damages claim. The TILA violations about which Plaintiffs complain occurred at or prior to the closing of Plaintiffs' loan transaction in October 2005, nearly four years prior to the commencement of this lawsuit. Plaintiffs have failed to explain why they were prevented from discovering Sierra's alleged TILA violations within the one year statutory period. See Blanco v. Am. Home Mortg. Servicing, Inc., No. CIV 2:09-578 WBS DAD, 2009 WL 4674904, at *3 (E.D. Cal. Dec. 4, 2009) (finding equitable tolling inapplicable where plaintiff did not explain "what prevented her from later reviewing the loan documents, which she admittedly was given at closing").

//

//

> Nothing indicates that, at the time of the closing, [P]laintiffs were unaware of the fact that they had been prevented from reviewing [their loan] documents, or that [P]laintiffs were somehow unable to bring a claim based on this purported wrongdoing. Similarly, a failure to make disclosures does not itself prevent a borrower from learning that the disclosures should have been made . . . .

Baldain v. Am. Home Mortgage Servicing, Inc., No. CIV S-09-0931 LKK/GGH, 2010 WL 56143, at *9 (E.D. Cal. Jan. 5, 2010).

Since Plaintiffs have not alleged sufficient facts to invoke the doctrine of equitable tolling, their TILA damages claim is time-barred. Further, Sierra's initial dismissal motion notified Plaintiffs that their claim was barred by the statute of limitations. However, Plaintiffs failed to allege sufficient facts in their first amended complaint to justify drawing the inference that the doctrine of equitable tolling suspends the applicable statute of limitations period. Nor does Plaintiffs' opposition brief provide a basis for allowing Plaintiffs an additional opportunity to amend their equitable tolling allegations. Therefore, Plaintiffs' TILA damages claim is dismissed with prejudice.

### ii. TILA Rescission Claim

Plaintiffs also allege that they "have a continuing right to rescind [their] loan[s] . . . pursuant to 15 U.S.C. § 1635(a) and (f) and 12 C.F.R. § 226.23(b)(5)." (FAC ¶ 83.) Under 15 U.S.C. § 1635(a), a borrower has until midnight on the third business day following the consummation of the loan to rescind the transaction. A borrower's right to rescind the loan transaction, however, is extended to three years if the lender either fails to deliver to the borrower "all material disclosures" or "the notice of right to rescind." 12

C.F.R. §§ 226.23(a)(3), (b)(1).  Nonetheless, a borrower's right to
rescission "expire[s] three years after the date of the consummation
of the transaction . . . ."  15 U.S.C. § 1635(f).  This three-year
limitations period "represents an absolute limitation on rescission
actions [and] bars any claims filed more than three years after the
consummation of the transaction.  Therefore, § 1635(f) is a statute of
repose, depriving the courts of subject matter jurisdiction when a §
1635 claim is brought outside of the three-year limitation period."
Miquel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002)
(quotations and citation omitted).

        Since Plaintiffs' consummated their loans on October 7,
2005, the three-year statute of limitations period expired on October
7, 2008.  Plaintiffs, however, did not file their initial complaint in
this case until August 25, 2009.  Plaintiffs allege they "give notice
of rescission by and through [the filing of their] First Amended
Complaint."  (FAC ¶ 83.)  "Because [Plaintiffs] did not attempt to
rescind . . . within the three-year limitation period, [their] right
to rescind [has] expired" and the court lacks subject matter
jurisdiction over their TILA rescission claim.  Miquel, 309 F.3d at
1164-65.  Therefore, Plaintiffs' TILA rescission claim is dismissed
with prejudice.

        **b.   Real Estate Settlement Procedures Act**

        Defendants Sierra and IndyMac each argue Plaintiffs' Real
Estate Settlement Procedures Act ("RESPA") claims should be dismissed.
These Defendants contend Plaintiffs have not sufficiently pled a
violation of RESPA; their claim under 12 U.S.C. § 2607 is barred by
the one-year statute of limitations; and Plaintiffs failed to allege
actual damages.  (Sierra Mot. to Dismiss 9:26-11:13; IndyMac Mot. to

Dismiss 13:5-15:2.)  Plaintiffs rejoin that Defendants' "violations of RESPA caused them damage."  (Plts.' Opp'n to IndyMac Mot. 16:27-17:11.)  Further, Plaintiffs argue that any applicable statute of limitations period should be equitably tolled.  (Plts.' Opp'n to Sierra Mot. 14:6-19.)

Plaintiffs allege in their complaint that Defendants violated various provisions of 12 U.S.C. § 2605 by failing to provide Plaintiffs with notice of the assignment, sale or transfer of the servicing rights to Plaintiffs' loan and by failing to provide a proper response to a qualified written request sent by Plaintiffs. (FAC ¶¶ 116-118, 120, 122.)  Plaintiffs also allege these Defendants violated "12 U.S.C. § 2607 by receiving 'kickbacks' or referral fees disproportional to the work performed."  (Id. ¶ 119.)  Plaintiffs allege that as a result of Defendants' RESPA violations, Plaintiffs "have suffered and continue to suffer damages and costs of suit." (Id. ¶ 124.)

### a.   Section 2605 Claims

Section 2605(f) imposes liability on loan servicers for actual and statutory damages for any failure to comply with the requirements of section 2605.  12 U.S.C. § 2605(f).  Section 2605(f) provides:

> Whoever fails to comply with any provision of [section 2605] shall be liable to the borrower for each such failure to the following amounts . . . . In the case of any action by an individual, an amount equal to the sum of — (A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000.

12 U.S.C. § 2605(f)(1)(A),(B).  While section 2605(f)(1)(A) "does not explicitly make a showing of damages part of the pleading standard, a number of courts have read the statute as requiring a showing of pecuniary damages in order to state a claim [for actual damages under section 2605 of RESPA]." Pok v. Am. Home Mortgage Servicing, Inc., No. CIV 2:09-2385 WBS EFB, 2010 WL 476674, at *5 (E.D. Cal. Feb. 3, 2010) (quoting Allen v. United Fin. Mortgage Corp., No. 09-2507 SC, 2009 WL 2984170, at *5 (N.D. Cal. Sept. 15, 2009)).  "[A]lleging a breach of RESPA duties alone does not state a claim . . . . Plaintiff[s] must, at a minimum, also allege that the breach resulted in actual damages." Id. (quoting and citing Hutchinson v. Del. Sav. Bank FSB, 410 F. Supp. 2d 374, 383 (D.N.J. 2006)); see also Lal v. Am. Home Servicing, Inc., 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010) (finding that plaintiff alleging a RESPA claim under section 2605 must allege a loss related to the alleged violation); Allen, 660 F. Supp. 2d at 1097 (requiring plaintiff to allege pecuniary loss to state a RESPA claim for actual damages); Singh v. Washington Mut. Bank, No. C-09-2771 MMC, 2009 WL 2588885, at *5 (N.D. Cal. Aug. 19, 2009) (dismissing RESPA claim since "plaintiffs have failed to allege they suffered any actual damages as a result" of defendants' alleged RESPA violation).  This pleading requirement, however, is interpreted liberally. Yulaeva v. Greenpoint Mortgage Funding, Inc., No. CIV S-09-1504 LKK/KJM, 2009 WL 2880393, at *15 (E.D. Cal. Sept. 3, 2009). Nonetheless, "the loss alleged must be related to the RESPA violation itself." Lal, 680 F. Supp. 2d at 1223.  Further, "simply having to file suit [does not suffice] as a harm warranting actual damages.  If such were the case, every RESPA suit would inherently have a claim for damages built in." Id.

Plaintiffs merely allege that as a result of Defendants'
alleged RESPA violations, they "have suffered and continue to suffer
damages and costs of suit."  (FAC ¶ 124.)  "Even under a liberal
pleading standard for harm, this level of generality fails." Pok,
2010 WL 476674, at *5 (finding same allegation of harm insufficient to
state a section 2605 claim for actual damages); see also Lal, 680 F.
Supp. 2d at 1223 (stating that "simply having to file suit [does not]
suffice" to state a section 2605 claim for actual damages).

IndyMac's initial dismissal motions alerted Plaintiffs to
this defect in their section 2605 claim.  However, Plaintiffs' first
amended complaint includes the same deficient allegation.  Therefore,
allowing amendment would be futile and Plaintiffs' section 2605 claim
is dismissed with prejudice.

### ii.  Section 2607 Claim

Section 2614 provides that a section 2607 claim "may be
brought . . . [within] 1 year . . . from the date of the occurrence of
the violation . . . ."  12 U.S.C. § 2614.  "The primary ill that §
2607 is designed to remedy is the potential for unnecessarily high
settlement charges, . . . caused by kickbacks, fee-splitting, and
other practices that suppress price competition for settlement
services.  This ill occurs, if at all, when the plaintiff pays for the
tainted service, typically at the closing." Jensen v. Quality Loan
Serv. Corp., No. 09-CV-01789 OWW-DLB, --- F. Supp. 2d ----, 2010 WL
1136005, at *10 (E.D. Cal. Mar. 22, 2010) (quoting Snow v. First Am.
Title Ins. Co., 332 F.3d 356, 359-60 (5th Cir. 2003)).  Therefore,
"[b]arring extenuating circumstances, the date of the occurrence of
the violation is the date on which the loan closed." Ayala v. World
Savings Bank, FSB, 616 F. Supp. 2d 1007, 1020 (C.D. Cal. 2009)

1  (quoting <u>Bloom v. Martin</u>, 865 F. Supp. 1386-87 (N.D. Cal. 1994), <u>aff'd</u>

2  <u>by</u>, 77 F.3d 318 (9th Cir. 1996)); <u>see also</u> <u>Jensen</u>, 2010 WL 1136005, at

3  *10 (stating that "courts have considered the 'occurrence of the

4  violation' as the date the loan closed."); <u>Finley v. LaSalle Bank Nat.</u>

5  <u>Ass'n</u>, No. C 09-2965 SI, 2009 WL 3401453, at *2 n.3 (N.D. Cal. Oct.

6  20, 2009) (noting that the one-year statute of limitations period for

7  a section 2607 claim began to run when plaintiff signed loan

8  documents).

9          Here, Plaintiffs' loans "closed" on October 7, 2005.  (FAC ¶

10  50.)  Therefore, the one-year statute of limitations expired on

11  October 7, 2006.  However, Plaintiffs did not file their original

12  complaint in this case until August 25, 2009.  Plaintiffs counter the

13  motion, arguing in their opposition briefs that the doctrine of

14  equitable tolling should apply to their RESPA claim.  However, neither

15  Plaintiffs' complaint nor their opposition briefs explain why

16  Plaintiffs could not have discovered, with due diligence, IndyMac and

17  Sierra's alleged violation of section 2607 within the one-year

18  statutory period.  Plaintiffs, therefore, have not shown that the

19  doctrine of equitable tolling applies to their section 2607 claim.

20          Plaintiffs were alerted to this defect in their section 2607

21  claim by Sierra's initial dismissal motion, yet Plaintiffs' first

22  amended complaint includes the same deficient allegation.  Since

23  Plaintiffs have already been provided with the opportunity to amend

24  this claim once and were unable to cure the identified deficiency,

25  Plaintiffs' section 2607 claim is dismissed with prejudice.

26  **B.  Supplemental Jurisdiction Over Plaintiffs' State Law Claims**

27          Since Plaintiffs' TILA and RESPA claims have been dismissed,

28  only state claims remain pending.  The Court, therefore, may <u>sua</u>

sponte decide whether to continue exercising supplemental jurisdiction over the state law claims.  See Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 n.3 (9th Cir. 1997) (en banc) (suggesting that a district court may, but need not, sua sponte decide whether to continue exercising supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) after all federal law claims have been dismissed).

Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a [state law] claim" when "all claims over which it has original jurisdiction" have been dismissed.  This decision should be informed by the values of economy, convenience, fairness and comity as delineated by the Supreme Court in United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1996).  Acri, 114 F.3d at 1001.

Comity weighs in favor of declining supplemental jurisdiction since state courts have the primary responsibility for developing and applying state law.  See Acri, 114 F.3d at 1001 (stating that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point towards declining to exercise jurisdiction over the remaining state-law claims" (quotations and citation omitted)); Curiel v. Barclays Capital Real Estate Inc., No. S-09-3074 FCD/KJM, 2010 WL 729499, at *1 (E.D. Cal. Mar. 2, 2010) (stating "primary responsibility for developing and applying state law rests with the state courts" and declining to exercise supplemental jurisdiction after dismissal of the federal claims).  Further, none of the other Gibbs factors favor retaining supplemental jurisdiction over Plaintiffs' remaining state law claims in this case.  Therefore, the court declines to exercise supplemental

jurisdiction over Plaintiffs' state law claims and those claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

### IV.   CONCLUSION

For the reasons stated above, Plaintiffs' TILA and RESPA claims are dismissed with prejudice and Plaintiffs' remaining state law claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

Dated:  May 27, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge